IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10172
Summary Calendar
_____


GARY REED WALP; JAMES DALE FREEMAN,

Plaintiffs-Appellants,


GARY REED WALP,

Plaintiff-Appellant,

versus

MELINDA H. BOZARTH, Director, Texas
Department of Criminal Justice, Pardons
and Paroles Division,


Defendant-Appellee.


- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:96-CV-2595-G
- - - - - - - - - -
February 19, 1998
Before DUHE', DeMOSS and DENNIS, Circuit Judges.

PER CURIAM:[*]

Gary Reed Walp, Texas prisoner #314299, has filed an application for leave to proceed in forma pauperis (IFP) on appeal, following the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

could be granted.  28 U.S.C. § 1915A(b)(1).  By moving for IFP, Walp is challenging the district court's certification that IFP-status should not be granted on appeal because his appeal is not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Walp contends that a change in the Texas parole procedures that imposes "parole supervision fees" on prisoners released on parole amounts to a violation of the ex post facto clause because it was enacted subsequent to his underlying conviction.  Because parole in Texas is not part of a defendant's punishment, the change in the parole procedures subsequent to Walp's conviction that imposed the parole supervision fees was not a violation of the ex post facto clause because Walp's punishment was not made more burdensome by the change.  See Collins v. Youngblood, 497 U.S. 37, 42 (1990).

Accordingly, we uphold the district court's order certifying that the appeal is not taken in good faith and denying Walp IFP-status on appeal, and we DISMISS Walp's appeal as meritless.  See Baugh, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.

APPEAL DISMISSED.